# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF IDAHO

_____

| | |
|---|---|
| **In Re:** | **Bankruptcy Case** |
| **Khudeir Abbas Al-Sammak and Tammy Lee Al-Sammak,** | **No. 15-01608-JDP** |
| **Debtors.** | |

_____

## MEMORANDUM OF DECISION

_____

**Appearances:**

Noah G. Hillen, Boise, Idaho, chapter 7 trustee.

Eric Wayne Olsen, OLSEN DAINES, PC, Salem, Oregon, *pro se*.

### *Introduction*

This is another decision involving Eric Olsen's ("Counsel") unsuccessful attempt to properly represent his clients in an Idaho chapter 7[1] bankruptcy case.

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 – 1532, and all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001 – 9037.

MEMORANDUM OF DECISION – 1

This Memorandum is, effectively, a companion to the thoughtful, thorough decision authored by Chief Judge Myers in another chapter 7 case involving very similar facts, in which Counsel was ordered by the Court to disgorge the fees received from an Idaho debtor-client for violating the Bankruptcy Code, Rules and Idaho Rules of Professional Responsibility in the course of attempting to represent that debtor.  *See* Memo. of Decision, Dkt. No. 43, *In re Olson*, Case No. 15-01580 (June 16, 2016).  Because there is no need to repeat much of the discussion and analysis in that decision, this Memorandum is shorter, but the outcome is the same:  because the Court tentatively concludes that, at a minimum, Counsel violated the fee disclosure Rules, unless an opportunity for further hearing is requested by Counsel, he will be ordered to disgorge the fees received from the clients in this case, as well.

*Background and Facts*[2]

This decision is the result of the March 30, 2016, filing of a

---

[2] This Memorandum constitutes the Court's findings of fact and conclusions of law.  Rules 7052; 9014.

MEMORANDUM OF DECISION – 2

Stipulation for Debtors' Counsel to Refund Fees ("the Stipulation").  Dkt. No. 24.  The Stipulation was executed by the attorney for this District's Acting U.S. Trustee, and Counsel.[3]  It represented that Counsel agreed to represent chapter 7 debtors Khudeir Abbas Al-Sammak and Tammy Lee Al-Sammak ("Debtors") in this case, but that, despite the responsibility to "see that counsel appears with debtors at hearings", Counsel "failed to appear at the debtors' 341 meeting of creditors . . . ."  *Id.* at 1-2.  Apparently to address Counsel's failure to appear for Debtors, the parties stipulated that Counsel would refund $100 of the fees received from Debtors.  *Id.*

      Counsel for the U.S. Trustee requested that the Court approve the Stipulation and submitted a proposed order to chambers to do so.  However, when the Court reviewed the Stipulation, and the record in this case, it independently determined that a hearing was required.  That hearing was conducted on May 24, 2016, at which counsel for the U.S. Trustee and Counsel appeared.

---

[3] Counsel's partner, Rex Daines, also signed the Stipulation.  Daines is not licensed to practice law in Idaho, and did not enter an appearance in this case.

MEMORANDUM OF DECISION – 3

At the hearing, Counsel explained that while he resides in Salem, Oregon,[4] he and his law firm represent debtors in bankruptcy cases in several Northwestern states, including Idaho.  While in the past the firm had maintained a Boise, Idaho office staffed by an associate who could appear for clients at their local hearings, Counsel acknowledged that, by the time he undertook representation of Debtors in this case, the Boise associate had left the firm and the Idaho office had closed.  Because of this, Counsel explained, it was always his intent in this case to use an "appearance attorney" to represent Debtors at their § 341(a) creditors meeting.[5]

All did not go as planned, however.  According to the Stipulation, "although [Counsel] arranged for substitute counsel to appear at the

---

[4] While his principal office is in Salem, Oregon, Mr. Olsen is licensed to practice law in Idaho.

[5] In other words, had Debtors' case been uneventful, Counsel never would have personally met his Boise clients, with all communications and interactions with them taking place either via the internet, email, or by phone. As discussed below, for these limited efforts, Debtors paid Counsel $1,275 plus the filing fee.

MEMORANDUM OF DECISION – 4

[§] 341 meeting, no attorney appeared with or on behalf of the debtors at the time the case was called." *Id.* at 2. As a result, the trustee continued the meeting to a later date, at which time Debtors and attorney Kristoffer R. Sperry appeared. *See* Statement Adjourning Meeting, Dkt. No. 16, and 341(a) Meeting Minutes, Dkt. No. 17.

In light of all this, at the hearing the Court asked Mr. Olsen to address the adequacy of the original Rule 2016(b) Disclosure of Compensation he had executed and filed in this case on December 7, 2015. Dkt. No. 5. Counsel conceded that, to properly comply with the Rule, this filing should have disclosed that Counsel had an agreement to pay another attorney, who was not a member or associate of Counsel's firm, to represent Debtors at the § 341(a) meeting. It did not do so. He also admitted that the Rule 2016(b) disclosure had not been amended to disclose Counsel's arrangement to share compensation with Mr. Sperry until shortly before the hearing, on May 17, 2016. Dkt. No. 26.[6]

---

[6] Regrettably, Mr. Sperry has acknowledged that, while he agreed to appear as counsel for Debtors prior to the first § 341(a) meeting in mid-January, contrary to Rule 2016(b), he also did not file an appropriate fee disclosure until

MEMORANDUM OF DECISION – 5

At the conclusion of the hearing, the Court took under advisement whether it should approve the Stipulation, and to consider the other ramifications presented by the matters discussed by the parties at the hearing.[7]

*Analysis and Disposition*

The agreement struck by the parties, whereby Counsel agreed to refund $100 to Debtors for his failure to adequately provide representation at the initial § 341(a) meeting, is, at least facially, an attempt to compensate Debtors for the inconvenience of having to attend a second meeting of creditors. Based upon the representations made, the Court is inclined to approve that agreement, so far as it goes.

However, context matters. And what strikes the Court most about the circumstances of this case is that the problem sought to be addressed in

---

May 23, 2016. *See* Dkt. No. 27.

[7] As discussed at the hearing, because of the obvious similarities in the facts and issues, the Court was also interested in the outcome of the parties' request that Chief Judge Myers approve a similar stipulation filed in the *Olson* case, which was under advisement for decision at the time of the hearing.

MEMORANDUM OF DECISION – 6

the Stipulation (*i.e.,* Counsel's failure to ensure the appearance of an attorney to represent Debtors at the § 341(a) meeting) was caused in the first place when Counsel knowingly agreed to represent Debtors (and, apparently, other one other debtor), at a time when his firm had no resident office or attorneys, through use of "appearance attorneys."

The potential for professional and ethical horrors associated with that practice is ably discussed by Chief Judge Myers in his *Olson* decision, in which he reminds the reader that this is a problem that is not new to this District, having been addressed by both of its bankruptcy judges in decisions and other writings over literally decades.  Adding to the potential problems with the use of an appearance attorney, here, Counsel acknowledges that he violated the requirements of Rule 2016(b)[8] requiring

---

[8] Section 329(a) provides that "[a]ny attorney representing a debtor in a case under this title . . . shall file with the court a statement of the compensation paid or agreed to be paid . . . for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation. Rule 2016(b) implements this Code provision, and requires that:

> Every attorney for a debtor, whether or not the attorney applies for compensation, shall file and transmit to the United States trustee

MEMORANDUM OF DECISION – 7

the timely disclosure of his arrangement to retain and pay Mr. Sperry.

Indeed, the original disclosure simply omits that critical information,

although Counsel contemplated from this case's inception that a local

attorney would be asked to appear with Debtors at the § 341(a) meeting.

This problem was compounded because Counsel's amended disclosure,

which finally reports the details of the Sperry fee-sharing arrangement,

was untimely filed[9] only days before the hearing in this case, and perhaps

more significantly, only after Counsel had appeared at the hearing before

---

within 14 days after the order for relief . . . the statement required by § 329 of the Code including whether the attorney has shared or agreed to share the compensation with any other entity.  The statement shall include the particulars of any such sharing or agreement to share by the attorney, but the details of any agreement for the sharing of the compensation with a member or regular associate of the attorney's law firm shall not be required.  A supplemental statement shall be filed and transmitted to the United States trustee within 14 days after any payment or agreement not previously disclosed.

[9]  The Court assumes, as represented by Olsen and Sperry to the Court, that Counsel's deal with Sperry to appear for Debtors was not reached until shortly before the creditors meeting date when the other lawyer who was supposed to appear advised she was not available.  Under Rule 2016(b), Counsel had fourteen days to file a "supplemental statement" disclosing the new arrangement.

MEMORANDUM OF DECISION – 8

Chief Judge Myers in the *Olson* case.

At the hearing, Counsel seemed to argue that the fee disclosure "mistakes" made in this case were relatively insignificant. However, those missteps are symptomatic of the more serious problems that can occur when lawyers attempt to "remotely" represent Idaho debtors without a resident office or lawyer. Mr. Olsen attempted to allay the Court's concerns about this practice by advising he would no longer accept debtor-clients in Idaho bankruptcy cases. But Counsel's remedy hardly reflects the gravity of the disruption and potential for damage to clients and the bankruptcy system associated with his cavalier approach to compliance with the Code, Rules, and ethical standards for Idaho bankruptcy lawyer practice.[10]

The Court is granted broad discretion in dealing with violations of Rule 2016(b). *See Franke v. J.K. Tiffany, U.S. (In re Lewis)*, 113 F.3d 1040, 1045 (9th Cir. 1997) (the "attorney's failure to obey the disclosure and

---

[10] The Court is concerned that Counsel may employ similar methods in representing debtors in other districts, since he and his firm apparently conduct a regional practice.

MEMORANDUM OF DECISION – 9

reporting requirements of the Bankruptcy Code and Rules gives the bankruptcy court the discretion to order disgorgement of attorney's fees."). In the exercise of that discretion, the Court has tentatively determined, as a sanction for Counsel's admitted violations, to require Counsel to disgorge and refund all fees paid to him by Debtors. However, since this conclusion has not been previously communicated to Counsel, he shall be afforded an additional opportunity to object to, and to be heard concerning, the Court's proposed disposition of this matter.

## *Conclusion*

The Court will approve the Stipulation. However, for the reasons explained above, the Court has concluded that additional action is required by the Court.

Counsel is hereby afforded fourteen (14) days within which to file a request for a hearing to present additional evidence or argument concerning whether the Court should require him to disgorge the remaining fees paid by to him by Debtors based upon Counsel's failure to comply with the requirements of Rule 2016(b). Absent a timely request for

MEMORANDUM OF DECISION – 10

Case 15-01608-JDP Doc 30 Filed 07/12/16 Entered 07/12/16 15:34:13 Desc Main
Document Page 11 of 11

hearing, the Court will order that all remaining fees paid by Debtors to be disgorged and refunded to them.

Dated: July 12, 2016

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION – 11